The opinion of the Court was drawn up by
Mat, J.
Insurance, for $2000, was effected by the plaintiffs, in the defendant company, by a policy upon one-fourth of the brig Hesperus for one year from the 13th day of January, 1855, at noon, upon which policy this action is brought. The brig sailed from Boston for the Lobos Islands not more than nine days before the expiration of said policy, the voyage, ordinarily, requiring from thirty to forty days, and has not been heard from since her departure. Subsequently, Woodbridge Clifford, one of the plaintiffs, effected another insurance in the same company, upon one-eighth of said brig, the risk commencing at the termination of the first policy.
• It is conceded by the defendants that the brig had been missing for a period of time, sufficiently long to raise the presumption of her loss prior to the commencement of this suit; and the only question now raised, is, whether the common law which prevails in this State, has any fixed rule *209 by which the loss, in case of missing vessels, is to be presumed as having occurred immediately after the date of the last news, so that the loss must fall under the policy then in force, without regard to any evidence offered touching the state of the weather after sailing, the dangers of the voyage in its various parts, the season of the year, and other circumstances tending to show when the loss probably occurred. It is contended for the plaintiff, that such is the law.
The authorities cited by the counsel for the plaintiffs, in his very able argument upon the question presented, clearly show that the rule he contends for is the law of France; and the reasons which he presents, as tending to show the propriety and necessity of the rule, are not without great force. It appears, however, that this rule as stated by Emerigon, and other distinguished foreign writers, had its origin, not in the common law, but in an ancient ordinance of the French government. So, too, the same government, as well as Spain and, perhaps, some other European States, lias its fixed rule as to what length of time a vessel must be at sea, without being heard from, in order to raise a presumption of loss. The time, however, differs in different countries and in different voyages. The commercial policy of each of the governments referred to, has, however, made the rule as to time, when a presumption of loss shall arise, absolute in each particular case.
No case has been cited, in this country or from England, in which it has been held that the common law has any fixed time within which the loss of a missing vessel, unheard from, is to be presumed, and, when presumed from the facts and circumstances of the case, no case is found fixing the precise time of the loss or that it occurred immediately after the latest news. On the contrary all the cases,.so far as any have been cited or examined, ,show that the question when a presumption of loss arises, is a question of fact for the jury, to be determined in view of all the facts and circumstances in the case; and, when a presumption of loss *210 has arisen, the question as to the precise time when it occurred, is to be determined in the same way.
In the case of Brown & al. v. Nielson & al., 1 Caines, 525, cited in defence, it appears that the missing vessel sailed from Norfolk, Va., for New York, March 4, 1801, the policy expiring the 28th of the same month; and the question, whether the loss happened within the life of the policy, was. submitted to the jury under instructions from the presiding Judge, that they must determine the time of the loss from the evidence in the case, and this instx’uctioix was held to be correct.
In Ax-nould on Insurance, vol. 2, (Perkins’ 2d ed.,) p. 797, the author, after stating the rule in Prance to be that, in the case of a missing ship, the loss will be presumed to have happened immediately after the last news, says that, " ixx our law no fixed periods ax-e established after which a ship not heard of shall be deemed to have perished at sea, but each case is left to depend on its own circumstances and the judgment of practical men.” • As no authority is cited •to the contrary from axxy court of common law, it may well be presumed that Chancellor Kent, in the extract cited from his Commentaries, vol. 3, page 301, had reference to the French rule before referx-ed to;, but, if it is not so, he is unsustained by any respectable authority. From the authorities which have been cited, and many others that might be, we have no hesitancy in coming tq the conclusion that no such x-ule exists at common law as that for which the counsel for the plaintiffs contends.
It may not, however, be needless to remark, that the conclusion to which we have arrived is gx-eatly strengthened by the decided cases in x'egard to the precise time of the death of a person, who has been absent from the place of his residence for seven yeax-s or mox*e, withoxxt being heard from. The cases are uniform that, although the presumption of his death arises at the end of seven years, yet there is no presumption of law as to what precise time it occurx’ed, and the time of his death is to be determined by a jury, upon the *211 circumstances of the case. See 1 Greenl. Ev., § 41, note 3, and cases there cited. In one of which, that of Doe v. Nepean, 5 B. & Ad., 86, it appears that the person, the time of whose death came in question, was last known to have sailed in a vessel which was never heard from, and yet the Court held that the precise time of his death was for the jury, upon the facts in the case. In this case, in the absence of all other facts, there could have been no reasonable doubt that the death of the person in question, and the loss of the vessel in which he sailed, were simultaneous, and yet no such rule as is now urged, was contended for. See, also, Eagle v. Emmet, 4 Brad., 117; Spencer v. Roper, 13 Iredell, 333. This class of cases are so analogous to the question before us, that no reason is perceived why the same rule should not apply to both classes of cases.
The question, as to the admissibility of proof to show an existing usage among insurance offices, in the case of missing vessels, to presume that the loss took place immediately after the last nows, though somewhat discussed by the counsel for the plaintiffs, is not before us, and therefore is not considered. The result is, that, according to the agreement of the parties, the case is to stand for trial.

Action to stand for trial.

Tenney, C. J., Bice, Cutting, Goodenow and Davis, JJ., concurred.